CALLAWAY COUNTY, *Appellant*, v. HENDERSON, *County Clerk*.

### Division One, June 8, 1897.

1. **Settlement by County Clerk:** APPROVAL BY COURT: PLEADING. A county is not bound by the approval by a county court of a report of the county clerk reciting the fees he has received except as to such fees mentioned in such report. Such fees as he received and failed to mention in his report, in excess of his and his deputies' salaries, can be recovered by an action at law, even though his report was examined and approved.

2. ——: ——: ——: EQUITABLE ACTION. A county clerk had received $2,741.80 in fees during the year. He reported to the court quarterly the fees he had received in his notarial capacity, which amounted to $194.91, all of which were matters of record. This report was approved by the county court. *Held*, that the county was not required to show that such approval was obtained through fraud or fraudulent representation, that an action in equity was therefore not proper, and that the county could maintain an action at law to recover whatever was in excess of the fees received by the clerk over the salaries of himself and deputies. The approval of the court of the clerk's report was a judgment only for such items as were mentioned in the report, and could not be made to impair the right of the county to such fees as the clerk had collected and had not accounted for.

3. ———: ———: APPELLATE PRACTICE. This court can not enter such judgment in a case as the facts warrant, where an action at law has been tried on the theory that it was one in equity, for the parties are entitled to have a jury pass upon the facts.

*Appeal from Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*D. H. Harris* and *N. D. Thurmond* for appellant.

(1) If the clerk retained money belonging to the county and refused afterward to make correct returns the county was thereby defrauded, and the defendant was guilty of fraud in procuring the orders of the county court approving his reports. Constitution of Missouri, art. 9, sec. 13; R. S. 1889, secs. 5009 to 5013. The court in trying the case proceeded on the theory that there was no fraud in procuring the orders of the county court approving the returns, unless the fees were omitted with the intention and for the purpose at the time of filing same of defrauding the county. (2) It matters not what defendant's intentions were in making false returns, if the county court were deceived thereby and the county was defrauded of its revenue, his false returns operated as a fraud, and he can not be permitted to reap any benefit from them. *Clarkson v. Creely*, 40 Mo. 114; Cooley on Torts, p. 498; *Davis v. Heard*, 44 Miss. 50; *Rimer v. Dugan*, 39 Miss. 477; Story, Eq. Juris., sec. 193. (3) "A court of equity gives relief from unconscionable contracts on the ground of mistake as well as of fraud. Cooley on Torts, p. 499. (4) Fraud is made out by marshaling the circumstances surrounding the transaction, and deducing therefrom the fraudulent purpose, when it manifestly appears. Cooley on Torts, p. 475;

*Hopkins v. Sievert*, 58 Mo. 201; *Waddingham's Ex'rs v. Loker et al.*, 44 Mo. 132. (5) The circuit court held that the orders of the county court approving the clerk's returns were judgments, and that the county court could not review or change the same. *Callaway County v. Henderson*, 119 Mo. 32; *Biddle v. Ramsey*, 52 Mo. 153. (6) The defendant having planted himself upon these judgments of the county court based upon his own false returns, unless equity interferes, there is no remedy. *Evans v. Railroad*, 64 Mo. 453. (7) In this case, as shown by the testimony of defendant, there are large amounts of fees collected by defendant which he did not report. There has never been a settlement with the county court for a single one of the seven years. There are accounts to be settled and adjusted. If there is a remedy at law it appears neither "plain," "adequate" nor "complete." *Biddle v. Ramsey*, 52 Mo. 159; *Pomeroy v. Benton*, 57 Mo. 531; *Real Estate Inst. v. Collonious*, 63 Mo. 290. (8) It was the acts of defendant that prevented the orders being made to pay over the surplus. *Doss v. Davis*, 60 Mo. 300; *Stewart v. Caldwell*, 54 Mo. 536; *Mayberry v. McClurg*, 51 Mo. 256. (9) Defendant admits in his testimony that he omitted to report the fees set out in the petition and that it was done by mistake. R. S. 1889, sec. 2097; *Wells et al. v. Short et al.*, 57 Mo. 56; *Fischer v. Max*, 49 Mo. 404; *Turner v. Railroad*, 51 Mo. 501. (10) The court may at any time before final judgment in furtherance of justice, amend any pleading by inserting other allegations material to the case or when such amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. R. S. 1889, sec. 2098; *Blair v. Railroad*, 89 Mo. 383; *Bennett v. McCause*, 65 Mo. 195; *Weber v. Hannibal*, 83 Mo. 262; *State v. Shelby*, 75 Mo. 482. (11) The circuit court failing to

set aside the judgments of the county court on the ground of fraud, should have heard plaintiff on the counts' at law in the petitions; should have found the amount due the county from the defendant and should have ordered him to pay the same into the county treasury. *Callaway County v. Henderson*, 119 Mo. 32; *State· ex rel. Hickory County v. Dent*, 121 Mo. 162; *Clarkson v. Creely*, 40 Mo. 114; *Nelson v. Barnett*, 123 Mo. 564.

*Bailey & Tincher, I. W. Boulware* and *T. B. Taylor* for respondent.

(1) It is conceded by the appellant that the quarterly and annual statements and reports were and had the full force and effect of judgments. This being true, the same can not be set aside or held for naught unless the evidence shows conclusively that they were obtained and procured by fraud. In this case no fraud, collusion or mistake of fact was shown. *Mc-Gindley v. Newton*, 75 Mo. 115; *Smith v. Sims*, 77 Mo. 269; *State ex rel. v. Ewing*, 116 Mo. 129. (2) Fraud can not be presumed, but must be proved. (3) The fraud for which a judgment may be vacated or set aside in equity must be in the procurement of the judgment. Freeman on Judgments [3 Ed.], sec. 487. (4) The issue as to whether or not the judgments were procured by fraud, misrepresentation or concealment was submitted to the jury. The verdict was for respondent. (5) Before the judgments can be set aside, the evidence must conclusively show that they were procured by fraud or collusion. *Mayberry v. McClurg*, 51 Mo. 256; *Stewart v. Caldwell*, 54 Mo. 539. (6) If there was error it was an error of law in allowing respondent fees and compensation not authorized by law. An error of law on part of the county court

can not be corrected in this proceeding. *State ex rel. v. Ewing*, 116 Mo. 129; *State ex rel. v. Shipman*, 125 Mo. 436. (7) The settlements made by the respondent with the county court are binding on the county. *State ex rel. v. Shipman*, 125 Mo. 436. (8) Appellant having conceded that the orders of the county court, sought to be set aside, have the force and effect of judgments, it is at once apparent that no action at law could be maintained. (9) The so-called legal counts are but companion pieces to the other counts in the petitions. They simply present the allegations of fraud and the remedy sought in a slightly differing form. (10) The court committed no error in not allowing plaintiff to amend its petition after the issues had been formulated and submitted to the jury and a verdict found. This would have been the fourth petition— the first two having been on demurrer, found to be insufficient. (11) To have changed the cause of action from one for fraud and misrepresentation to "mistake" would have required a totally different trial and different instructions to the jury on the part of defendant. (12) If there was a "mistake" of law, the settlements (or judgments) can not be set aside or avoided on account thereof. *State ex rel. v. Ewing*, 116 Mo. 129; *Moore v. McCullough*, 8 Mo. 401. (13) The county court is the only tribunal which has the power and authority to adjust and settle with the clerk. (14) If the court fails to act in the manner and at the time required by the statute, then it loses all power in the premises. *Cunningham v. Railroad*, 61 Mo. 33; *Railroad v. Campbell*, 62 Mo. 585; *State ex rel. v. Harris*, 96 Mo. 29; *Sturgeon v. Hampton*, 88 Mo. 203. (15) Such settlements being judgments are a full and complete bar to an action at law. *Och v. Railroad*, 130 Mo. 27; *Vandervelden v. Railroad*, 61 Fed. Rep. 54; *Blair v. Railroad*, 89 Mo. 383. (16) The rule of law is

that a judgment can only be opened up for fraud or mistakes of fact.  *Moore v. McCullough*, 8 Mo. 401; *State ex rel. v. Ewing*, 116 Mo 129; *Marion County v. Phillips*, 45 Mo. 75; *State ex rel. v. Roberts*, 60 Mo. 402. (17) The whole matter is *res adjudicata.  County v. Henderson*, 119 Mo. 32.

MACFARLANE, J.—Defendant Henderson was the clerk of the county court of Callaway county for two terms, the first commencing January 1, 1883, and ending January 1, 1887; and the second commencing January 1. 1887, and ending January 1, 1891.   During the two terms he made quarterly settlements with the county court of fees received by him during the previous quarter; which settlements were examined and approved by the court.   The returns made by the clerk of fees received for each quarter only included such as were collected for notarial work performed by him, and did not generally include the fees provided by law as compensation for work pertaining to the affairs of the county and State.   These returns or statements purported to include all the fees collected and some of them, but not all, were verified by the affidavit of the clerk, and were approved by an order of the county court. ·

This suit was commenced in January, 1892.   The petition contains a count in equity for each quarter of defendant's services as clerk.   The count for the last quarter of the first year of service, after stating the election and qualification of defendant as clerk of said county, his duty in respect to making quarterly returns to the county court, and of paying to the treasurer the excess of fees collected over the salary allowed by law and amount paid to his deputies and assistants is as follows:

"Plaintiff further states that defendant as said clerk made a pretended return to the county court

aforesaid on the 9th day of February, 1884, purporting
to give the fees received by him as said clerk for the
quarter (as stated in his said report) ending February
1st, 1884, which return shows the total amount of fees
collected by defendant for said time to be $14.50.

"That said report was not sworn to as required by
law. Plaintiff alleges that said report was false and
frandulent in this, to wit: That the defendant collected
from the county of Callaway fees for his services as
said clerk which he failed to report as follows:

| | | |
|---|---|---|
| Warrant No. 287, Aug. 10, '83, summoning road jury | $ 1 | 50 |
| Warrant No. 402, Nov. 15, 1883, tax books | 551 | 60 |
| Warrant No. 403, Nov. 15, 1883, school tax books | 278 | 00 |
| Warrant No. 404, Nov. 15, 1883, abstract tax books | 13 | 80 |
| Warrant No. 405, Nov. 15, 1883, fees, etc | 577 | 70 |
| Warrant No. 455, Jan. 8, 1884, salary and fees | 560 | 30 |

Total fees paid by county during last quarter and not reported
by defendant in any return made ........................$1,982 99
That defendant received from the State as fees for his services
as said clerk which he failed to report in the last above
quarter or in any other report made by him the sum of....$ 563 90

Total fees received by defendant for quarter ending December
31, 1883, from county and State ........................$2,546 89

"Plaintiff alleges that defendant fraudulently
entered upon the record of the county court aforesaid,
under date of February 9, 1884, the following order
to wit:

" 'James D. Henderson, county clerk, presented
his statement of fees received by him during the quar-
ter ending Feb. 1, 1884, which is examined by the court,
approved and ordered filed.'

"That said order stands upon the records of said
county court as the judgment of said court. That all
the acts aforesaid were done by the defendant fraudu-
lently and knowingly for the purpose and with the in-
tent to defraud the said county out of a large amount

of fees belonging to the said county, and by his said fraudulent acts so done as aforesaid, defendant did defraud the county of Callaway out of the sum of $416.80, the amount of fees due the county for said year after allowing defendant his annual compensation of $1,500 and his deputy $825.

"Wherefore, by reason of the premises, plaintiff prays this court to make an order setting aside and annulling the order of the said county court under date of Feb. 9, 1884, and that defendant be required to make a full, complete and correct report of all fees received by him for the quarter ending Dec. 31, 1883, as the law requires, and to make such other orders in the premises as seemeth to the court to be right and just."

The petition contained also counts at law, one covering each year of the service. The first of these, covering the year 1883, is as follows:

Plaintiff for further cause of action states that defendant, for the year 1883, received of fees which he reported for the four quarters...................... .. .................... $ 194 91

He received from the county which he failed to report, the sum total of........ ....................................$1,982 99

He received from the State which he failed to report, the sum total of....................................... .... ...   563 90

Making sum total of fees received for the year 1883............$2,741 80

That defendant was allowed for his services as clerk for said year...............................$1,500 00

That he paid to his deputy for said year the sum of.....   825 00

That he is entitled to a credit for said year of.................$2,325 00

Leaving balance due the county of .. .....................,...... $416 80

The petition then proceeds to state that the return was false and fraudulent, and that the county court was deceived thereby substantially as stated in the equity counts, and that the county court had neglected to make an order on defendant to pay said sum of

$416.80 into the county court, and prayed judgment as follows: "Wherefore, by reason of the premises aforesaid, plaintiff prays the court to make an order on defendant to pay the said sum of $416.80 with six per cent interest, or whatever sum may be found in defendant's hands as overplus of fees he is allowed to retain, into the county treasury of Callaway county, or to make such order as will compel the defendant to make a full and complete settlement of the fees collected by him for the year 1883, and to make such other orders as may to the court seem just and right."

For answer to the various counts, after a general denial, defendant pleaded several special defenses, which in view of the disposition we make of the case need not be noticed.

There was a trial of the equity counts to a jury upon an issue formed by the court which is as follows: "Were the orders, or any of the orders mentioned in plaintiff's petition, and appearing of record in the county court, approving the reports of James D. Henderson, as clerk of such county, of the fees received by him as such clerk, procured by the said Henderson by fraud, fraudulent concealment, or misrepresentation?"

The jury found the issue in the negative, and the court approved the finding and rendered judgment for defendant. Plaintiff thereupon demanded a trial of the counts at law which demand was refused by the court. Plaintiff asked to amend its petition, as to the equity counts, by inserting as ground of relief that the settlements were made by mistake, in order to conform the pleadings, as was said, to the evidence. This the court also denied. After an ineffectual motion for a new trial plaintiff appealed.

There is no substantial conflict in the evidence. It appears that defendant made quarterly reports regularly, but by these he only accounted for fees received

for services performed which had no connection with the county business. For services rendered the county he was paid by warrants issued by order of the county court. Defendant and the county court both construed the statute requiring quarterly returns to be made by the clerk "of all fees received by him to the date of the return," to have reference only to fees for the payment of which no record, such as issuing warrants, was made. For example, the returns for 1883 show only a receipt of fees to the amount of $194.91, while the evidence shows that warrants were issued to the clerk by the county court for fees aggregating $1,981.49 and fees were paid him by the State amounting to $563.90.

Section 5009 requires such statement to include "all fees for all services of whatever character done in his official capacity," and to give "the name of each deputy or assistant, the length of time each was employed, and the amount of money paid to each." The county court is required to examine the statement, hear evidence, if necessary, allow all necessary clerk or deputy hire within a prescribed limit, deduct the sum from the aggregate amount received, and order the excess, above the amount the clerk is authorized to retain, paid into the county treasury.

It is manifest that the clerk did not even substantially comply with the requirements of the statute. But the county court approved these partial returns, by an order of record, and the question is whether such an approval had the effect of a settlement between the clerk and the court of matters not included in the returns. The approving orders are, with slight variations, as follows: "J. D. Henderson presents an abstract statement of fees received by him for the quarter ending ——— which is examined by the court, approved and ordered filed."

The law undoubtedly vests in the county court the authority to settle the fees of county clerks. For this purpose it is the financial agent of the county and its settlements, as those between individuals, can only be impeached for fraud or mistake of fact. *State ex rel. v. Ewing*, 116 Mo. 136, and cases cited.

Yet the statute is the power of attorney of the county court, by which its authority to act, in making settlement with the clerk, is conferred, and in order to conclude the county and the clerk it is necessary that it pass upon such returns as the clerk is required to make. The duty is imposed upon the clerk to include in his return "all fees for all services of whatever character done in his official capacity" and upon these the court acts. The fees contemplated by the law includes the compensation allowed by law for all services rendered. *Callaway Co. v. Henderson*, 119 Mo. 38.

When the clerk makes the returns required by the statute, then the court is given power to pass upon them, that is, to pass upon the items included in the reports. The law imposes a duty upon the clerk as well as the court. He is required to make a return of all amounts received as clerk as well for services rendered the State and county, as for services purely notarial. It can not be fairly said that the court adjudicates or settles any item not included in the reports.

It is said, and truly, that the county court had knowledge of all the compensation the clerk received from the county, for it examined the accounts and ordered warrants for the amounts. But that fact does not relieve the clerk of the duty required of him. The statute contemplates that the clerk shall be paid for all the services rendered, regardless of the amount, for the court is required to ascertain the amount of the excess received over and above the amounts allowed to be re-

tained as salary after paying deputies and assistants, and to order such excess paid into the county treasury. There is no pretense that warrants were improperly issued for services not rendered, or in excess of the fees allowed by law, or otherwise.

The case is a very simple one, as it appears to us. The clerk omitted to make the returns required of him and the court neglected to require the returns to be made, or to determine from what was within its knowledge, or appeared upon record, the amount of compensation received by the clerk, to allow the amounts paid to deputies and assistants, within the limitations provided by law, and order the excess, if any, above the amount the clerk was entitled to retain, paid into the county treasury. Neither the clerk nor the court having performed the duty required of them, the excess is held by the former to the use of the county and may be recovered by an action at law if not barred by the statute of limitation or otherwise. It can make no difference whether the omissions were the result of misconstruction of the law, mere neglect of a known duty, or willful misconduct, the law was not complied with and no settlement was made which can conclude either party beyond the matters actually passed upon. The court does not determine that there was no excess. The partial returns made by the clerk and approved by the court do not stand in the way of an action at law for money had and received to the use of the county, for they only cover a certain class of fees and were so understood by both the clerk and the court. The correctness of the reports made is not disputed, and the court only approved the returns as made.

We are of the opinion, therefore, that there was nothing for a court of equity to do, and the trial was a needless performance, and the trial of the counts at law should have been allowed as requested by plaintiff.

We are requested by appellant, as the evidence is all before us, to determine the whole case, and to render such judgment as the facts warrant. This we can not do in an action at law, for the parties are entitled to have a jury pass upon the facts. Nor can we do so, treating the counts as equitable, for we have not all the facts before us. We can not determine what amount was paid by defendant to his wife for the work she did. We have not before us the record of the former proceedings by which to determine whether the matters here in issue were adjudicated. We are unable to determine from the record whether the $400 paid annually to the clerk as compensation for services provided by section 3207, was intended when paid, to be independent of the fees allowed by section 5010, and if so intended and understood, we should not decide without all the facts before us, whether such amount, if paid by the county with full knowledge of the facts, could be recovered back.

The judgment is therefore reversed and the cause is remanded for a trial at law. All the judges of this division concur.