THE STATE *ex rel.* CALLAWAY COUNTY, *Appellant*, v. HENDERSON *et al.*

Division Two, February 16, 1898.

1. **County Clerk:** FAILURE TO ACCOUNT FOR FEES: PLEADING. Where a county clerk makes correct statements to the county court of the fees received by him, it is necessary for the petition to state, as a condition precedent to the institution of suit on his bond for a failure to pay into the county treasury the excess of fees collected by him above his salary and the pay of his deputies, that the county court examined his settlement, ascertained the amount of excess of fees due the county, and ordered the excess paid into the county treasury. But these allegations are not necessary where it is alleged that the county clerk was guilty of fraud and deceit in filing statements which omitted a part of the fees received by him. If the petition alleges that the clerk collected fees which he failed to report to the county court, it states a cause of action. (Distinguishing *State ex rel. v. Dent*, 121 Mo. 162.)

2. ———: ———: BREACH OF BOND. It is the duty of the county clerk to make correct quarterly statements to the county court of *all* fees received by him, from whom received, and the amount paid for deputy hire, and if he fails to do so there has been a breach of his bond. As to the fees actually reported by him, the approval of the county court is final; but the approval of his quarterly returns by the court can not be said to embrace those fees which he received and failed to report, nor can it be said that the court acted upon them.

*Appeal from Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*David H. Harris* and *N. D. Thurmond* for appellant.

Respondent relies on *State ex rel. v. Dent*, 121 Mo. 162, a case that was decided by the Supreme Court after this suit was commenced. In that case the court held that it was condition precedent to Dent's

being in default that the county court should have had
a settlement with him and at that settlement made an
order requiring him to pay over the excess, and unless
he complied with the order in specified time the court
should have ordered suit brought on the bond. In
Dent's case it seems that the county court had all the
facts before it in the returns made by him but allowed
him to retain all he had received because they believed
he was entitled to it. It is evident from the statements
made in the opinion that Dent reported all the fees re-
ceived, and there was nothing for the court to do but
to find the excess and order it paid into the treasury.
Dent concealed nothing from the court. The plaintiff
made out its case by Dent's returns. All the court had
to do was to subtract the clerk's salary and the amount
he paid his deputy from the fees received during the year
and order the remainder paid into the county treasury.
The case at bar is quite different. Here we find
that the clerk has not complied with the law at all ex-
cept in form. He filed quarterly returns giving some
of the fees received, but omitted therefrom sufficient
amounts to keep the sum total within his salary. He
failed, as the petition alleges, to show the amount he
had paid his deputy. Without these facts the county
court could not pass upon the fees reported. If no ex-
cess of the clerk's fees over his salary was reported by
the clerk, it was impossible for the court to comply with
the condition precedent to a suit on the bond, and
make an order on the clerk to pay over a surplus that
does not appear from the reports filed.

*I. W. Boulware, T. B. Taylor* and *D. P. Bailey*
for respondents.

(1)   Section 5009, Revised Statutes 1889, imposes
on the county court special limitations which must be

strictly pursued.   It vests in the county court original and exclusive jurisdiction in the premises, and this jurisdiction and power can be exercised by no other tribunal or authority.   *Hammon v. Renfro*, 84 Mo. 340; *Pearce v. Calhoun*, 59 Mo. 271; *French v. Stratton*, 79 Mo. 562.   (2)   Under the provisions of the statutes it was a condition precedent to Henderson, as county clerk, being in default, that the county court should have a settlement with him and at such settlement make an order directing him to pay over any excess to which he was not entitled into the county treasury; and it was also a condition precedent to the institution of this suit that on the failure of said Henderson to comply with such order, within fifteen days after it was made, that such court should order suit to be brought on his official bond.   These conditions precedent are not set out in the petition.   *State ex rel. v. Dent et al.*, 121 Mo. 162.   (3)   The county court is the only tribunal which has the power to settle with the clerk.   It has original and exclusive jurisdiction in these matters. No other tribunal known to our law has this authority nor right to exercise it.   This power must be exercised by the county court in the manner and at the time designated by the statutes.   Any departure from a strict compliance with the requirements of the statute will invalidate all authority in the premises.   *State ex rel. v. Harris*, 96 Mo. 29; *Sturgeon v. Hampton*, 88 Mo. 203; *Maries Co. v. Phillip*, 45 Mo. 475; *Steines v. Franklin Co.*, 48 Mo. 167; *Bauer v. Franklin Co.*, 51 Mo. 205; *Saline Co. v. Wilson*, 61 Mo. 231.

BURGESS, J.—Defendant Henderson was clerk of the county court of Callaway county for two successive terms, to wit, from January, 1883, to January, 1891, and this is an action against him and his sureties on his official bond for the second term, approved Decem-

ber 6, 1886, for breaches of the bond alleged to have been committed during that time.   Defendants interposed a demurrer to the petition which was sustained. Plaintiff then took a nonsuit with leave to move to set the same aside.   Plaintiff then filed its motion to set aside the judgment of nonsuit which was overruled and it saved its exceptions and brings the case to this court by appeal for review.

The breaches of the bond assigned in three separate counts of the petition are as follows:

"*First.*   That for the year 1887 he made false quarterly returns of the fees received by him as said clerk for said year, which said returns show that he received for said year only the sum of six hundred and eighty-one dollars and fifteen cents;   whereas he received for said year the sum of three thousand, three hundred and forty-three dollars and fifty-one cents. That he failed to give the name of his deputy and the amount he paid him, whereas for said year he had J. W. Overton employed and paid him $900.   That by reason of the false returns made by him for said year he prevented the county court from knowing that he had any money of the county in his hands and from making an order for him to pay the same into the county treasury.   That for said year he failed to make any annual settlement with the county court of the fees received by him, or to show any excess of fees over the amount he was allowed to retain, whereas for said year he received of surplus fees over the amount he was allowed to retain for himself and the amount he actually paid his deputy, the sum of $943.51, which said sum was money of the county which he failed to pay into the county treasury as he was required by law to do, but converted the same to his own use, to the damage of the said county in the said sum of nine hundred and forty-three dollars and fifty-one cents.

"*Second.* That for the year 1888 he made false quarterly returns of the fees received by him as said clerk for said year, which said returns show that he received for said year only the sum of $54.40, whereas he received for said year the sum of $3,290.34. That he failed to give the name of his deputy and the amount he paid him, whereas for said year he had J. W. Overton and D. D. Ford employed and paid them $830. That by his false returns for said year he concealed from the county court the amount of money in his hands belonging to the county and prevented the court from making an order for him to pay the same into the county treasury. That for said year he failed to make any annual settlement with the county court of the fees received by him, or to show any excess of fees over the amount he was allowed to retain, whereas for said year he received of surplus fees over the amount he was allowed to retain for himself and the amount he actually paid his deputy, the sum of $960.34 which said sum was money of the county, which he failed to pay into the county treasury as he was required by law to do, but converted the same to his own use, to the damage of the said county in said sum of $960.34 together with lawful interest thereon from Jan. 1, 1889, to day of judgment.

"*Third.* That for the year 1889 he made false quarterly returns of the fees received by him as said clerk for said year, which said returns show that he received for said year only the sum of $2,165.50, whereas he received for said year the sum of $3,175.96. That he failed to give the name of his deputy and the amount he paid him, whereas for said year he had D. D. Ford and J. M. Bryan employed and payed them $520. That by his false returns for said year he concealed from the county court the amount of money in his hands belonging to the county and prevented the

court from making an order for him to pay the same into the county treasury. That for said year he failed to make any annual settlement with the county court of the fees received by him, or to show any excess of fees over the amount he was allowed to retain, whereas for said year he received of surplus fees over the amount he was allowed to retain for himself and the amount he actually paid his deputies, the sum of $1,155.96, which said sum was money of the county which he failed to pay into the county treasury as he was required by law to do, but he converted the same to his own use, to the damage of said county of Callaway in the said sum of eleven hundred and fifty-five dollars and ninety-six cents, together with lawful interest thereon from Jan. 1, 1890, to day of judgment.''

The demurrer, leaving off the formal parts, was as follows:

"Now come defendants and demur to plaintiff's petition on the ground that it does not state facts sufficient to constitute a cause of action in this, that the statute requires that the clerk of the county court shall make returns quarterly to the county court of all fees received by him to date of return, from whom received, and for what services, giving the amount of each fee received, and of the salaries by him actually paid to his deputies or assistants, stating the same in detail and verifying them by his affidavit; and that the county court shall at each regular session examine such statement, and may examine any person as to the truth of the same, and allow all necessary clerk or deputy hire, etc., and if there be an amount still in the hands of the clerk exceeding the amount allowed to be retained by the said clerk, the court shall ascertain the amount of such excess, etc., and make an order directing such clerk to pay the amount so ascertained into the county treasury, and if the said clerk shall fail to pay the

amount of money so ordered to be paid into the county treasury and file a receipt therefor within the said fifteen days the county court shall immediately cause suit to be brought on the official bond for such amount of money; that said petition does not state that the county court had any settlement with the said Jas. D. Henderson, said county clerk; that any excess, over and above the amount allowed by law to said clerk, was found due from said clerk to the county of Callaway, and that no order was made at any of the quarterly settlements requiring said clerk to pay over the excess to which he was entitled into the county treasury; that said petition does not state that the said Henderson failed to comply with the said order, or that any such order was made, or that any suit was brought immediately upon the said clerk's official bond; that these requirements of the statutes are conditions precedent to the said Henderson's being in default and to the bringing of this suit.''

By the provisions of section 5626, Revised Statutes 1879, which was in force at the time of the execution of the bond sued upon, every clerk of a court of record is required to make return quarterly to the county court of all fees by him received to date of return, from whom received and for what services, giving the amount of each fee received, and of the salaries by him actually paid to his deputies or assistants, stating the same in detail and verifying the same by his affidavit. It also requires the county court at each regular session to examine such statement, and there is conferred upon it the power to examine any person as to the truth of the same, and to allow all necessary clerk or deputy hire not exceeding the amount allowed for such deputies and assistants, and to deduct the same from the aggregate amount received by the clerk, and if there be an amount still in the hands of the clerk exceeding the

sums thus deducted, to ascertain the amount of such excess and to make an order directing such clerk to pay the amount so ascertained into the county treasury of such county.

There is no averment in the petition showing that the county court of Callaway county complied with the provisions of the statute which require such courts to ascertain the amount of the excess, etc., and make an order directing such clerk to pay the amount so ascertained in the county treasury. This was held in the case of *State ex rel. v. Dent*, 121 Mo. 162, to be a condition precedent to the institution of a suit on the bond of a county clerk for failure to pay into the county treasury moneys collected by him during his term of office, in excess of the amount which he is authorized by law to retain. But this case differs from that in this. In that case the clerk made correct statements of the fees received by him as required by statute; it was not claimed that he was guilty of any fraud or deceit in failing to report fees received by him, or the amount paid out by him for deputy hire, while in the case at bar the petition charges that while Henderson filed quarterly statements verified by affidavit, giving some of the fees received by him, he omitted from such statements sufficient amounts to keep the sum total within the amount of his salary, and that he failed to show the amount he paid his deputy.

It is contended by plaintiff that without these facts the county court could not pass upon the fees reported, and that if no excess of the clerk's fees over his salary was reported by him, it was impossible for the court to comply with the condition precedent to a suit on the bond, and make an order on the clerk to pay over a surplus that does not appear from the report itself. But we are not prepared to concur in this view of the case.

Among the duties imposed upon Henderson as clerk was to make correct return quarterly to the county court of all fees received by him, from whom received, and amount paid for deputy hire, and in failing to so do, he committed breaches of his bond which are properly alleged in the petition.

As to the fees correctly reported, the action of the county court is final, but as to those received by the clerk and not reported at all, it can not be said that they were acted upon by that tribunal. The case, as shown by the facts alleged in the petition, and which stand confessed by the demurrer, bring it clearly within the rule announced in *Callaway Co. v. Henderson*, 139 Mo. 510, in which it is said: "The clerk omitted to make the returns required of him and the court neglected to require the returns to be made, or to determine from what was within its knowledge, or appeared upon record, the amount of compensation received by the clerk, to allow the amounts paid to deputies and assistants, within the limitations provided by law, and order the excess, if any, above the amount the clerk was entitled to retain, paid into the county treasury. Neither the clerk nor the court having performed the duty required of them, the excess is held by the former to the use of the county, and may be recovered by an action at law, if not barred by the statute of limitation or otherwise. It can make no difference whether the omissions were the result of misconstruction of the law, mere neglect of a known duty, or willful misconduct; the law was not complied with, and no settlement was made which can conclude either party beyond the matters actually passed upon. The court does not determine that there was no excess. The partial returns made by the clerk and approved by the court do not stand in the way of an action at law for money had and received to the use of the county,

for they only cover a certain class of fees, and were so understood by both the clerk and the court. The correctness of the reports made is not disputed, and the court only approved the returns as made."

The petition alleges that the county court, on the twenty-eighth day of December, 1891, made an order of record directing the prosecuting attorney of the county to bring suit against Henderson and his bondsmen to recover the amount of the excess of fees retained by him, and that this suit was brought in pursuance of that order.

Our conclusion is that the demurrer was not well taken and should have been overruled.

For these considerations we reverse the judgment and remand the cause.

GANTT, P. J., and SHERWOOD, J., concur.